MARTHA D. KNOWLES *et al. vs.* EDWIN KNOWLES, JR.

PROVIDENCE—DECEMBER 2, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Case. Trover. Deeds. Equitable Mortgages.*

A. made a deed of land to B., as security for B.'s endorsement of A.'s note, and took from B. a written agreement, providing "that if said note is paid, then I agree to retransfer said land on demand." After the death of A., C., the wife of A., paid the indebtedness to B. and requested a return of the deed, but B. stated that he could not find it. B. deceased, and D., administrator of B., found the deed and had it recorded. C. thereupon brought trespass on the case against D., basing the action in the first count upon the wrongful act of D. in recording the deed, and in the second count for the conversion of the deed. After verdict for C.:—

*Held*, that, owing to the nature of the defeasance clause, after payment of the indebtedness, whether before or after condition broken, a reconveyance was necesssary under the contract.

*Held*, further, that the recording of the deed not only did not affect such right, but was almost a necessary step to show to what the reconveyance related.

*Held*, further, that the recording of the deed was neither a wrongful act nor a conversion of the deed.

*Semble*, that plaintiff's remedy would be in an action on the covenant for refusal to retransfer after demand, and not in tort.

TRESPASS ON THE CASE, on facts stated in the opinion. Heard on petition of defendant for new trial. Granted, and judgment of nonsuit ordered.

STINESS, C. J. The plaintiffs sued in trespass on the case, to recover damages for the wrongful act of the defendant in recording a deed which, by reason of a concurrent defeasance, was in fact a mortgage of land, in Swan Point Cemetery, held for burial purposes.

The substantial facts are these: John C. Knowles, Sr., husband and father of the respective plaintiffs, who were also his devisees, made a deed of an unoccupied part of his burial lot in the cemetery to Edwin Knowles, Sr., as security for Edwin's endorsement of his note for $1,600, and took back from said Edwin a written agreement, saying: "Now, therefore, if said note is paid, or any renewals of the same, saving me harmless from all cost or damage by reason of said indorsement, then I agree to retransfer said land, as aforesaid, on demand."

The note was subsequently merged with other indebtedness, but it was not surrendered by Edwin Knowles, Sr., probably for the reason that he retained it as security under the deed in question. After the death of John C. Knowles, Sr., Mrs. Knowles paid all the indebtedness due to Edwin Knowles, Sr., and requested him to return to her the deed of the burial lot, which was a part of the security for the indebtedness. Mr. Knowles replied that he could not find it, and it would make no difference as it had never been recorded, so that the title would stand in the plaintiffs as effectually as if he had delivered it back. Thus matters stood from May, 1896, to March, 1900, when Edwin Knowles, Sr., died, and the defendant, Edwin Knowles, Jr., became his administrator. The defend-

ant found the deed, note, and a copy of the defeasance among his father's papers, but said nothing to Mrs. Knowles about them until in April, 1902, when she told him that she was to give a part of the lot in exchange for perpetual care of the rest. He then said that his father had a deed of the lot. Mrs. Knowles told him she had paid all the indebtedness, and he then had the deed recorded in the records of the cemetery. After the record of the deed Mrs. Knowles and her son were not recognized by the officers of the cemetery as the owners of the land, and she was thereby put to trouble and annoyance,, for which this suit is brought to recover damages.

The declaration is in two counts, a third being substituted for the first.

The first count is based upon the wrongful act of the defendant in recording the deed, and the second is for the conversion of the deed. The jury found for the plaintiffs, and awarded the sum of $2,600, although the value of the land was shown to be only $1,500.

The defendant petitions for a new trial.

(1) The principal grounds of the petition are that the damages were excessive, and that the court erred in not directing a verdict for the defendant.

We will first consider the latter ground.

Much has been said in the argument upon the question whether the payment of the debt revested title in the plaintiffs without a conveyance. The plaintiffs claim that the deed and agreement together amounted to a mortgage, and undoubtedly they would constitute a mortgage in equity.

Mr. Jones, in 1 Jones on Mtges. 4th ed., section 887, states a distinction between payment before and after condition broken, as follows: "The estate of the mortgagee is, at law, defeasible only by performance of the condition strictly in the manner and at the time stipulated. When this is done, the estate reverts back to the mortgagor without any reconveyance, by the simple operation of the condition. But after a failure to comply with the exact terms of the condition, the estate is forfeited at law, and a reconveyance is necessary to restore the estate to the mortgagor."

From the check given by Edwin Knowles, dated March 6, 1890, it seems that he then took up the $1,600 note, and that thus the condition was broken; but however this may be, it is clear that a reconveyance was necessary under the contract.

It is to be noted that the defeasance, so-called, in this case differs from the ordinary form, as it does not provide that the deed is to become null and void upon the payment of the debt, which is what the plaintiffs assume, but, on the contrary, it implies the validity of the deed by the contract to retransfer. We must take the contract as the parties have made it. Under it the plaintiffs were entitled to a reconveyance, upon payment of the indebtedness. The recording of the deed did not affect that right. It was almost a necessary step to show to what the reconveyance related. The recording of the deed is simply notice that such a deed had been given.

We are therefore of opinion that the recording of the deed was neither a wrongful act as alleged in the first count, nor a conversion of the deed as alleged in the second count.

The only ground on which the recording of the deed could be claimed to amount to a wrongful act or a conversion of the deed is the plaintiffs' claim that title being revested by the fact of payment became divested by the act of recording. This, as we have seen, is not so. The plaintiffs were and are still entitled to a reconveyance. They claim that they have been put out of possession of the land, but this does not appear. A body was buried in the lot by someone, but it has been removed, and there is no evidence of other disturbance of possession. The mere fact that the officers at present recognize the heirs of Edwin Knowles as the owners of the land is the natural consequence of the state of the title as made by the giving of the deed.

The only ground upon which the plaintiffs could possibly recover would be upon a refusal to retransfer after demand; but this remedy would be in an action on the covenant, and not in tort.

The testimony shows such a demand and refusal as to this defendant; but he is only one of the heirs of Edwin Knowles,

and it does not appear that any demand was made upon the other heir.

Moreover, there is no such ground of recovery stated in the declaration. It sets out that it "became the duty of the defendant *to deliver* said mortgage to the plaintiffs and to do, or cause to be done, so far as he was able, all things necessary to give to the plaintiffs, or to permit them to retain, the seizin and possession of said part of said burial lot."

This does not amount to a demand and refusal to retransfer, and we find no other allegation of such a cause of action if it could be alleged in this action. The action, though an action on the case, is, as stated, an action of tort; while the plaintiffs' real cause of action is a breach of a covenant, not of a duty imposed by law.

There is therefore nothing in the case to support the action.

In this view it is unnecessary to consider the question of damages or the exceptions as to admissibility of certain evidence.

The petition is granted, and the case remitted to the Common Pleas Division with direction to enter judgment of nonsuit.

*Irving Champlin,* for plaintiffs.

*Edwards & Angell,* for defendant.